Case 2:25-cv-02527-NJB-MBN   Document 4   Filed 12/18/25   Page 1 of 3

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  Dec 18 2025

CAROL L. MICHEL
CLERK

cf                        EDSS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GLENN DAMOND,                    Civil Action No. __25-2527__

Plaintiff

v.                                SECT. G MAG. 5

ST. TAMMANY PARISH GOVERNMENT, et al.

Defendants.

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

(Fed. R. Civ. P. 65)

### INTRODUCTION

Plaintiff respectfully moves this Court for emergency injunctive relief pursuant to Federal Rule of Civil Procedure 65. Immediate judicial intervention is required because Plaintiff faces imminent and irreparable harm, including displacement from housing, risk of incarceration, and ongoing violations of constitutional rights. Delay in relief will result in harm that cannot be remedied by monetary damages alone.

### VERIFIED STATEMENT OF IRREPARABLE HARM

Pursuant to 28 U.S.C. § 1746, Plaintiff declares under penalty of perjury:

1. Plaintiff has been repeatedly displaced from housing due to coercion of landlords by St. Tammany Parish officials.

2. Plaintiff faces imminent risk of incarceration if housing instability continues under the unconstitutional ordinance.

3. Plaintiff has suffered documented physical harm, including weight loss and deterioration of health, directly linked to stress and instability.

4. Plaintiff's family has endured grief and reputational harm due to the stigma and risk of re-incarceration.

5. These harms are ongoing, immediate, and cannot be undone by later monetary damages.

**LEGAL STANDARD**

Under Fed. R. Civ. P. 65, a Temporary Restraining Order and Preliminary Injunction may issue when:

1. Plaintiff is likely to succeed on the merits.
2. Plaintiff will suffer irreparable harm without immediate relief.
3. The balance of equities favors Plaintiff.
4. Injunctive relief serves the public interest.

See *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008); *County of Sacramento v. Lewis*, 523 U.S. 833 (1998).

**ARGUMENT**

1. **Likelihood of Success on the Merits**
   - The ordinance violates substantive due process (*Lewis*), equal protection (*Romer v. Evans*), the Ex Post Facto Clause, and the Eighth Amendment.
   - Fifth Circuit precedent confirms that government action animated by animus or speculation fails constitutional scrutiny.

2. **Irreparable Harm**
   - Plaintiff faces imminent eviction, risk of incarceration, and ongoing constitutional violations.
   - Emotional distress, physical harm, and reputational damage cannot be remedied by money alone.

3. **Balance of Equities**
   - The Parish suffers no legitimate harm from being restrained from unconstitutional enforcement.
   - Plaintiff faces catastrophic harm without relief.

4. **Public Interest**
   - The public interest is served by upholding constitutional rights and preventing arbitrary government action animated by stigma.

**REQUEST FOR RELIEF**

Plaintiff respectfully requests that this Court:

1. Issue an **Emergency Temporary Restraining Order** immediately restraining St. Tammany Parish Government from enforcing its housing ordinance against Plaintiff and his landlords.

2. Schedule an **expedited hearing** on Plaintiff's request for a Preliminary Injunction.

3. Grant such other relief as the Court deems just and proper.

Respectfully Submitted,

Glenn Damond

/S/ _Glenn Damond_

Cell: 985-379-8016

Cell : 504-220-4268

glenndamond3@gamil.com

Date: 12-18-2025

Glenn Damond

P. O Box 1236

Lacombe, La 70445