UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLENN DAMOND** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-2527** |
| **ST. TAMMANY PARISH, ET AL.** | **SECTION: "G"(5)** |

### ORDER AND REASONS

Before the Court is Plaintiff Glenn Damond's ("Plaintiff") "Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction."[1] In the motion, Plaintiff seeks a temporary restraining order enjoining St. Tammany Parish Government, Mike B. Cooper in his official capacity as St. Tammany Parish President, and Joe Impastato, Pat Burke, Arthur Laughlin, and Rich Smith in their official capacities as Parish Councilmembers (collectively, "Defendants") from enforcing St. Tammany Parish Council Ordinance No. 7530 (the "Ordinance").[2] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable, the Court denies the motion. This Order serves as the Court's findings of fact and conclusions of law.

### I. Background

Plaintiff is a registered sex offender who resides in St. Tammany Parish.[3] Plaintiff pled guilty to First Degree Rape on March 23, 1998.[4] A state district court judge ordered Plaintiff's name removed from "the State Sex Offender and Child Protection Registry" on February 11,

---

[1] Rec. Doc. 4.

[2] *Id.*

[3] Rec. Docs. 1 at 3, 1-3 at 2.

[4] Rec. Doc. 1-3 at 7; La. Rev. Stat. § 14:42.

1

2013.⁵ However, an appellate court subsequently placed Plaintiff's name back on the registry.⁶

St. Tammany Parish enacted the Ordinance to "further governmental interests of public safety."⁷ The Ordinance requires operators of transitional facilities to apply for a permit to operate the facility.⁸ The Ordinance defines a "transitional facility" as:

> [A] facility used to house (a) registered sex offenders, (b) sexually violent predators or (c) child predators, pursuant to La. R.S. 15:540 ("registered sex offender") and which may provide transitional support to registered sex offenders reentering society or providing housing for registered sex offenders in a group setting. Any residential or commercial use, apartment building, apartment hotel, dwelling, or residence, as defined by Sec. 130-5, with such registered sex offenders as residents is hereby considered a "transitional facility" when its resident population is equal to or exceeds fifteen percent (15%) of registered sex offenders.⁹

An "operator" is defined under the Ordinance as an "owner, operator, agent, representative, and/or approved applicant who owns or operates a transitional facility and must comply with the requirements of this article."¹⁰

Along with a $5,000 permit fee, the Ordinance requires, among other things, that an operator submit a site and floor plan of the facility, that the facility be made available at all times for inspection of the premises by the Department of Planning and Development and the Department of Permits and Inspections, that the owner maintain insurance, that a privacy fence of no less than six feet surround the facility, and that the facility have an individual supervising the

---

⁵ Rec. Doc. 1-3 at 7–8.

⁶ Rec. Doc. 1 at 4.

⁷ Rec. Doc. 1-2 at 2.

⁸ *Id.* at 3.

⁹ *Id.*

¹⁰ *Id.*

2

facility who is on the premises twenty-four hours per day, seven days per week.[11] Prior to applying for the permit, the Ordinance also requires an operator to publish a notice that they will be applying for the permit at least three times in a St. Tammany Parish circulation and place a sign in the front yard alerting the public of their intent.[12]

Plaintiff is leasing housing from Abraham Williams and Loraine Williams at 6027 Hwy 434 Lacombe, Louisiana.[13] Since the Ordinance was enacted by St. Tammany Parish in August 2024, Plaintiff claims he faces displacement from his housing because his landlords were coerced into breaching a valid lease agreement and evicting him.[14] Plaintiff alleges that St. Tammany Parish threatened his landlords with escalating fines and penalties if they continued to rent to Plaintiff, and that his landlords eventually gave in.[15] Plaintiff has been informed by his landlords that he must move out by January 1, 2026 or face eviction.[16] Further, Plaintiff asserts that he has been unable to secure alternate housing due to the Ordinance and his status as a registered sex offender.[17] Plaintiff attached a copy of his one-page lease agreement to the Complaint, which states that "[t]his lease shall begin on the day of 26 in December and end when notification is made by either party."[18]

On December 18, 2025, Plaintiff filed the Complaint asserting claims for: (1) Contracts

---

[11] *Id.* at 3–4.

[12] *Id.* at 3.

[13] Rec. Docs. 1 at 7; 1-2 at 1.

[14] Rec. Doc. 1 at 7.

[15] *Id.*

[16] *Id.* at 20.

[17] *Id.* at 4–5.

[18] Rec. Doc. 1-2 at 1.

Clause violations; (2) Substantive Due Process violations; (3) Equal Protection violations; (4) Ex Post Facto violations; (5) Bill of Attainder violations; (6) Eighth Amendment violations; (7) Intentional or Negligent Infliction of Emotional Distress; (8) Family Distress/Loss of Consortium; (9) Expatriation/Civil Banishment; (10) Lack of Legitimate Governmental Interest; and (11) First Amendment violations.[19] That same day, Plaintiff filed the instant motion for a temporary restraining order, claiming that he will suffer irreparable harm unless the Court immediately restrains St. Tammany Parish Government from enforcing the Ordinance against Plaintiff and his landlords.[20]

Plaintiff seeks declaratory and injunctive relief to invalidate the Ordinance, compensatory damages for constitutional and emotional harms, and recognition that Defendants' conduct violates the United States Constitution and state law.

Plaintiff's landlords previously filed a case, allotted to Section D of this Court, against St. Tammany Parish challenging the validity of the Ordinance.[21] In that case, the presiding district judge denied the landlords' motion for a temporary restraining order to restrain St. Tammany Parish from enforcing the Ordinance.[22] That case was dismissed due the parties having settled on December 8, 2025.[23]

## II. Parties' Arguments

A.  *Plaintiff's Arguments in Support of the Motion*

Plaintiff seeks a temporary restraining order enjoining Defendants from enforcing the

---

[19] Rec. Doc. 1.

[20] Rec. Doc. 4 at 3.

[21] Case No. 24-2877, Rec. Doc. 1.

[22] Case No. 24-2877, Rec. Doc. 66.

[23] Case No. 24-2877, Rec. Doc. 72.

Ordinance against Plaintiff and his landlords. Plaintiff briefly argues that he meets each of the requirements for the issuance of a temporary restraining order.

First, Plaintiff argues that he is likely to succeed on the merits because the Ordinance violates substantive due process,[24] equal protection,[25] the Ex Post Facto Clause, and the Eight Amendment.[26] Further, Plaintiff submits that "Fifth Circuit precedent confirms that government actions animated by animus or speculations fails constitutional scrutiny."[27] Second, Plaintiff argues that he faces irreparable harm through imminent eviction, risk of incarceration, ongoing constitutional violations, emotional distress, physical harm, and reputational damage.[28] Third, Plaintiff argues that the Parish suffers no legitimate harm from being restrained, whereas Plaintiff faces "catastrophic harm."[29] Fourth, Plaintiff argues that the public interest "is served by upholding constitutional rights and preventing arbitrary government action animated by stigma."[30] In summation, Plaintiff argues that the Ordinance is punitive as opposed to regulatory and is therefore unconstitutional.

### B.   *Defendants' Arguments in Opposition of the Motion*

Defendants argue that they have a "compelling interest in regulating the way in which registered sex offenders are housed in St. Tammany Parish."[31] Additionally, Defendants point to

---

[24] Rec. Doc. 4 at 2 (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833 (1998)).

[25] *Id.* (citing *Romer v. Evans*, 517 U.S. 620 (1996)).

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] Rec. Doc. 7 at 2.

*Abraham Williams, et al. v. St. Tammany Parish, et al.*, Case No. 24-2877, where the presiding district judge denied Plaintiff's landlords' request for a temporary restraining order.[32] In that case, Plaintiff's landlords challenged the constitutionality of the Ordinance and sought a temporary restraining order against St. Tammany Parish Government's enforcement of the Ordinance against them.[33] Defendants incorporate their arguments against the temporary restraining order in that case in their opposition here, and argue that the instant motion for a temporary restraining order should be denied for the same reasons.[34]

In that opposition, Defendants submit that Plaintiff's landlords (the, "Landlords") received a posted notice on September 9, 2025, that they were in violation of the Ordinance and that Defendants would begin enforcement proceedings against the Landlords within ten days of the posting.[35] Further, Defendants concede that the property leased by Plaintiff falls under the purview of the Ordinance.[36] Moreover, Defendants assert that the Landlords have indicated that they will not seek the permit required under the Ordinance for this property.[37] Thus, Defendants contend that the Landlords are in violation of the Ordinance facing penalties of up to $500 per day.[38] However, Defendants submit that they have not cited the Landlords for violating the Ordinance, and no civil fines or penalties have been assessed against them.[39]

---

[32] *Id.*

[33] *Id.* at 1–2.

[34] *Id.* at 2. The Landlords' claims in the prior litigation do not match Plaintiff's claims here. Accordingly, Defendants applicable arguments are summarized here.

[35] Case No. 24-2877, Rec. Doc. 61 at 3.

[36] *Id.* at 4.

[37] *Id.*

[38] *Id.*

[39] *Id.* Defendants confirmed this status during the December 29, 2025 hearing.

Defendants assert that Plaintiff has not proven that the Ordinance infringes on rights protected by the United States Constitution.[40] Thus, Defendants contend the Plaintiff has not established a substantial likelihood that his claims will succeed on the merits or that he will suffer irreparable harm unless the Court grants the request for injunctive relief.[41] Further, Defendants aver that Plaintiff has failed to show that the grant of a temporary restraining order will not disserve the public interest.[42] Defendants assert that the public has a safety interest in regulating the housing of registered sex offenders.[43] Moreover, Defendants concede that the public always has an interest in protecting an individual's constitutional right.[44]

Further, the instant motion was heard before the Court on oral argument on December 29, 2025. During the hearing, Defendants argued that Plaintiff does not have a constitutional right to rent a specific property, and that the Landlords decision to not renew his month-to-month lease is not an action that should be imputed on St. Tammany Parish Government. Relatedly, Defendants argue that Plaintiff does not have standing because he has suffered no injury in fact, and even if he has, Defendants did not cause his injury by enacting the Ordinance. Further, Defendants claim that even if the Court finds the first two elements of standing are met, the injury is not redressable by the Court because an injunction on the enforcement of the Ordinance would not compel the Landlords to extend Plaintiff's month-to-month lease. During oral argument Defendants asserted that the Landlords have chosen to no longer rent to sex offenders, and therefore they no longer need to comply with the Ordinance. Plaintiff did not oppose this assertion. Thus, Defendants

---

[40] *Id.* at 5.

[41] *Id.*

[42] *Id.* at 13.

[43] *Id.*

[44] *Id.*

contend that Plaintiff does not face irreparable harm, because the Landlords' decision not to renew his month-to-month lease is not compelled by the Ordinance.

### III. Legal Standard

The petition for a TRO may be treated like one for a preliminary injunction if there is notice and a hearing, and adequate opportunity is provided for developing legal and factual issues.

Federal Rule of Civil Procedure 65(a) governs preliminary injunctions. It states:

(1) The Court may issue a preliminary injunction only on notice to the adverse party.

(2) Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

The moving party has the burden of demonstrating entitlement to relief. Rule 65 does not specify the requirements for a preliminary injunction, but the Fifth Circuit requires a plaintiff to establish the following:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction is not issued;

(3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and

(4) that the grant of an injunction will not disserve the public interest.[45]

A district court's factual findings as to each element is reviewed under a clearly erroneous standard, while any legal findings are reviewed de novo.[46] If a plaintiff fails to carry his burden as

---

[45] *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

[46] *Id.* at 591–92.

to any one of these factors, injunctive relief cannot be granted.[47] Regardless of whether the temporary restraining order is granted, Federal Rule of Civil Procedure 52(a) requires the Court to "state the findings of fact and conclusions of law that support its action."[48]

Additionally, Rule 65(c) requires that a Court may issue a preliminary injunction or TRO only if the movant gives security. Rule 65(c) states:

> The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

## **IV. Analysis**

### A.  *Standing*

The Court first addresses the issue of standing. Federal courts are limited to hearing "Cases" and "Controversies."[49] To constitute a case or controversy, "the plaintiff must have a personal stake" in the case—in other words, standing."[50] The requirements of standing are familiar:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."[51]

---

[47] *See Enterprise Int'l Inc. v. Corp. Estatal Petrolera Ecautoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

[48] Fed. R. Civ. P. 52(a)(1), (2).

[49] *TransUnion, LLC v. Ramirez*, 594 U.S. 413, 423 (2021).

[50] *Id.* (quoting *Raines v. Byrd*, 521 U.S. 811, 820 (1997)) (internal quotations omitted).

[51] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations omitted) (cleaned up).

Here, the Ordinance regulates the activity of "transitional facility operators." The Ordinance does not explicitly regulate the activity of registered sex offenders. Registered sex offenders do not face any penalties or consequences for failure to comply with the Ordinance, except indirectly if a landlord chooses not to renew the lease or add additional requirements to the lease agreement. In *Lujan*, the United State Supreme Court explained that "standing depends considerably upon whether the plaintiff is himself an object of the action (or forgone action) at issue."[52]

Plaintiff claims that he is injured in the form of the "imminent risk of incarceration if housing instability continues under the unconstitutional ordinance."[53] Plaintiff contends that his parole officer would be compelled to incarcerate him if he does not maintain suitable housing.[54] Defendants contend that "transitional facility operators" rather than the registered sex offenders are the target of the Ordinance. Therefore, Defendants argue that Plaintiff suffers no injury as a result of the statute, despite the subsequent decision of the Landlords to discontinue Plaintiff's lease.

*Duarte ex rel. Duarte v. City of Lewisville*, is instructive to the Court as to whether the target of an ordinance regulating the housing of sex offenders is the only party that may claim an injury for standing purposes.[55] In *Duarte*, a registered sex offender and his family filed suit to challenge the constitutionality of a Lewisville city ordinance prohibiting registered sex offenders from residing within 1,500 feet of "where children commonly gather."[56] When that ordinance was

---

[52] *Lujan*, 504 U.S. at 561.

[53] Rec. Doc. 4 at 1.

[54] Rec. Doc. 1 at 16.

[55] 759 F.3d 514 (5th Cir. 2014).

[56] *Id.* at 515.

passed the sex offender, and his family were living in a one-bedroom motel room.[57] The sex offender and his family made at least nine attempts to locate housing where the offender would not be in violation of the ordinance.[58] Eventually, the sex offender and his family moved to another city due to difficulties in locating housing in Lewisville.[59]

The district court dismissed the case due to the sex offender and his family's lack of standing.[60] On appeal, the Fifth Circuit reviewed the plaintiffs' standing *de novo*.[61] First, looking to plaintiffs' actual injury, the court held that not only was the sex offender the target of the Lewisville ordinance, but his family also suffered an actual injury.[62] The court noted that "[a]s a practical matter, the [family] was forced to live in a one-bedroom motel to comply with the ordinance."[63] Further, "[i]n order to find a place to rent or buy where the family could reside together, ultimately, the [family] moved away, forcing the children to change schools and taking [the wife] farther from her job."[64] Thus, the court found that the family had an actual injury because the ordinance interfered with their lives in a "concrete and personal way."[65] Moreover, the court noted that the family need not show they were legally foreclosed from purchasing or leasing residential premises solely due to the Lewisville ordinance.[66] The family need only show that the

---

[57] *Id.* at 516.

[58] *Id.*

[59] *Id.* at 517.

[60] *Id.*

[61] *Id.*

[62] *Id.* at 518–19.

[63] *Id.*

[64] *Id.* at 519.

[65] *Id.* (quoting *Lujan*, 504 U.S. at 580–81).

[66] *Id.* at 520.

11

"ordinance treats them differently from other would-be renters or homebuyers making it 'differentially more burdensome'" to find a new place to live.[67]

Additionally, in *Duarte* the Fifth Circuit held that the sex offender's family met the standing elements of causation and redressability.[68] Regarding causation, the court reasoned that "one could reasonably infer the reduction of available houses from potentially tens-of-thousands to 466 residences, of which only a handful were available to rent or purchase at a given time, is fairly traceable to the ordinance."[69] Regarding redressability, the court reasoned that "it is likely a judgment in the [family's] favor would at least make it easier for them to find a residence to rent or buy in Lewisville."[70] The Fifth Circuit subsequently applied the "practical impact" standing analysis in *Contender Farms, L.L.P. v. United States Department of Agriculture*, reasoning that "[w]hether someone is in fact an object of a regulation is a flexible inquiry rooted in common sense."[71]

Here, the explicit objects of the Ordinance are "transitional facility operators." However, "transitional facilities" are defined by having 15% or more residents who are registered sex offenders. Plaintiff has alleged that he has attempted to locate an alternative property to lease but has been denied housing at least 16 times because of his sex offender status.[72] Therefore, the practical impact of the Ordinance is that registered sex offenders, including Plaintiff, are treated

---

[67] *Id.* (citing *Time Warner Cable, Inc. v. Hudson*, 667 F.3d 630 (5th Cir.2012) (quoting *Minneapolis Star & Tribune Co. v. Minn. Comm'r of Revenue*, 460 U.S. 575, 588(1983))).

[68] *Id.* at 521.

[69] *Id.*

[70] *Id.*

[71] 779 F.3d 258, 265 (5th Cir. 2015).

[72] Rec. Doc. 1 at 22.

12

differently than other would-be renters, and that finding housing is differentially more burdensome to Plaintiff. Further, if landlords were not required to abide by the costly requirements of the Ordinance, such as the permitting fee and 24/7 staffing requirement, it is likely that it would be easier for Plaintiff to find housing to lease. Thus, while the Court does not conclusively rule on standing, it holds that Plaintiff has demonstrated that he has standing for the purpose of considering the merits of the instant motion.

B.     *Temporary Restraining Order Elements*

The Fifth Circuit requires a plaintiff to establish the following in order to obtain a temporary restraining order:

(1)   a substantial likelihood of success on the merits;

(2)   a substantial threat of irreparable injury if the injunction is not issued;

(3)   that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and

(4)   that the grant of an injunction will not disserve the public interest.[73]

The Court first addresses whether Plaintiff has established a substantial threat of irreparable injury should the temporary restraining order not be granted. The relief Plaintiff seeks is for the Court to restrain the enforcement of the Ordinance against him and the Landlords. The Landlords have asserted that they no longer wish to rent their properties to sex offenders. As a result, the Landlords are not required to comply with the Ordinance. Further, Plaintiff has not put forth any evidence that the Landlords would rent to him if the Ordinance was not in effect. Thus, whether the Court issues a temporary restraining order against Defendants is irrelevant to Plaintiff's pending eviction and potential incarceration. Accordingly, the Court finds that Plaintiff has failed

---

[73] *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

to carry his burden of demonstrating a substantial threat of irreparable harm should injunctive relief not be granted in the form of a temporary restraining order against St. Tammany Parish, the Parish President, and the Parish Councilmembers. Hence, the Court does not reach the other elements required for a temporary restraining order, because Plaintiff's request fails on the irreparable injury element.

## V. Conclusion

For the reasons stated above, the Court denies the motion because Plaintiff has not carried his burden of establishing that he faces a substantial threat of irreparable injury.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction"[74] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this  31st  day of December, 2025.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[74] Rec. Doc. 4.