UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GLENN DAMOND                                    CIVIL ACTION

VERSUS                                          NO. 25-2527

ST. TAMMANY PARISH                              SECTION: D (3)
GOVERNMENT, ET AL.

ORDER AND REASONS

Before the Court is a Motion for Relief Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, filed by defendants St. Tammany Parish Government ("STPG"), St. Tammany Parish President Michael B. Cooper, St. Tammany Parish Councilmembers: Joe Impastato, Rick Smith, Pat Burke and Arthur Laughlin (collectively, "Defendants").[1] Plaintiff has filed a response in opposition.[2] No reply was filed. After a careful review of the parties' memoranda, the record, and the applicable law, the Court GRANTS the motion.

## I.     FACTUAL AND PROCEDURAL BACKGROUND[3]

This case concerns a St. Tammany Parish ordinance that regulates the operators of transitional facilities, which are certain facilities used to house registered sex offenders, of which Plaintiff is one. Plaintiff challenges the constitutionality of the ordinance under the contracts clause, due process clause of the Fourteenth Amendment, the equal protection clause, the ex post facto clause, the prohibition against bills of attainder, the First Amendment, and the Eighth

---

[1] R. Doc. 33.
[2] R. Doc. 36.
[3] The facts of this case have been previously set forth in the Court's Order and Reasons on Plaintiff's Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction. *See* R. Doc. 10. The Court incorporates that factual background here by reference.

Amendment of the United States Constitution.[4] Plaintiff also asserts claims for intentional infliction of emotional distress, negligent infliction of emotional distress, loss of consortium under Louisiana law and claims for damages for alleged violations of his constitutional rights.[5]

On May 15, 2026, Plaintiff filed a motion for summary judgment and permanent injunction against Defendants,[6] seeking judgment against Defendants, a declaration that the ordinances at issue are unconstitutional, an injunction preventing enforcement of the ordinances, an award of compensatory damages, and costs and fees.[7]

Defendants filed the present motion in response to Plaintiff's motion for summary judgment[8] and seek an order denying Plaintiff's motion "or in the alternative, deferring a ruling on Plaintiff's motion until after the Defendants engage in discovery."[9] Defendants argue that it is unclear whether Plaintiff has Article III standing and that this "threshold question" "must be answered in the affirmative before addressing the merits of the Plaintiff's claim."[10] Furthermore, "Defendants submit that Plaintiff's motion is woefully premature, in as much as it was filed prior to the thirty day time period for the Defendant to respond to Plaintiff's discovery and before the Defendant had the opportunity to conduct any discovery whatsoever."[11]

---

[4] *See* R. Doc. 1.
[5] *Id.*
[6] R. Doc. 24.
[7] R. Doc. 45.
[8] R. Doc. 24.
[9] R. Doc. 33-1 at p. 1.
[10] *Id.* (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 102, 118 S.Ct. 1003, 1016, 140 L.Ed.2d 210, 232 (1998)).
[11] *Id.*

The Defendants contend that there are "disputed facts that concern standing, which justify granting a Rule 56(d) motion and the disputed facts that justify denying or deferring the Plaintiff's motion,"[12] including (1) the lease between Plaintiff and Abraham Williams[13] and how it was terminated, (2) whether Plaintiff was targeted by St. Tammany Parish Government officials, (3) what, if any, damages Plaintiff can prove that are "*fairly traceable* to a constitutional violation by one or more of the Defendants," and (4) Plaintiff's assertion that the Parish waived the fines against Abraham Williams which Defendants contend concerns both standing and the merits.[14] Defendants state that these areas of factual inquiry implicate both standing and the merits of the case and that, as a result, relief under Rule 56(d) is warranted.[15] Counsel for Defendants has set out and explained these areas of factual inquiry in an affidavit.[16]

Plaintiff responds that Defendants' Motion constitutes "a calculated, bad-faith maneuver designed to manufacture an artificial seven-month delay and escape their mandatory June 1, 2026 deadline to oppose Plaintiff's Motion for Summary Judgment" and that  "[b]ecause Defendants' own verified discovery responses—served on the exact same day—conclusively establish that no further material evidence exists, and because the United States Supreme Court, the Fifth Circuit, and

---

[12] *Id.* at p. 3.
[13] Abraham Williams is the Plaintiff's former landlord and was himself the Plaintiff in a lawsuit regarding the constitutionality of the same ordinance at issue in the present case which amicably settled between the parties prior to any trial in the matter. *See Abraham Williams, et al. v. St. Tammany Parish, et al.*, No. 24-cv-2877.
[14] *Id.* at pp. 3-5.
[15] *Id.* at p. 5.
[16] R. Doc. 33-2.

this Court strictly prohibit the weaponization of Rule 56(d) for tactical delay, Defendants' motion must be denied."[17] Plaintiff states that Defendants are not entitled to relief under Rule 56(d) because (1) Defendants have shown a pattern of stall tactics and outright misrepresentations, (2) Defendants' declaration admits that no further Government evidence exists, (3) Plaintiff's motion for summary judgment is not premature under Fifth Circuit precedent, (4) Defendants have relied upon inadmissible hearsay, (5) administrative surveillance by Defendants through the St. Tammany Parish Sheriff's Sex Offender website confirms retaliatory targeting and creates Article III standing, (6) Defendants' discovery objectives are futile and legally blocked, and (7) Defendants' conclusive admission of liability under oath "that St. Tammany Parish Government Officials contacted Mr. Damond's landlord, Abraham Williams."[18]

## II.    LAW AND ANALYSIS

In the present Motion, Defendants move for relief under Fed. R. Civ. P. 56(d), asking that the Court grant it relief by denying Plaintiff's Motion for Summary Judgment "or in the alternative defer a ruling on the motion until such time as discovery is concluded and the Defendants have adequate time to submit a motion to dismiss for lack of standing and if the Court finds that Plaintiff has standing, an

---

[17] R. Doc. 36 at p. 1. Plaintiff additionally titles his response as a "Cross-Motion to Strike Defendants' Facially Defective Component Filings." Any request for action by the Court should be set out in a separate document, not included as part of a response in opposition to a Motion. The Court, thus, does not characterize Plaintiff's filing as a Motion, even though it has construed Plaintiff's *pro se* filing liberally. *See Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019)).

[18] See *id*. at pp. 4-18.

opposition to Plaintiff's motion for summary judgment."[19] Subsection (d) of Rule 56

states:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order

The rule "allows for further discovery to safeguard non-moving parties from summary

judgment motions that they cannot adequately oppose."[20] "Such motions are broadly

favored and should be liberally granted"[21] in order to "safeguard non-moving parties

from summary judgment motions that they cannot adequately oppose."[22] A party

moving under Rule 56(d) must "show (1) why [he] needs additional discovery and (2)

how that discovery will create a genuine issue of material fact."[23] The moving party

cannot "simply rely on vague assertions that additional discovery will produce

needed, but unspecified facts."[24] "Instead, the movant 'must set forth a plausible

basis for believing that specified facts, susceptible of collection within a reasonable

time frame, probably exist and indicate how the emergent facts, if adduced,

---

[19] R. Doc. 33-1 at p. 5.

[20] *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

[21] *Id.*

[22] *Suri Holdings, L.L.C. v. Argent Mortg. Co., L.L.C.,* No. 21-20137, 2021 WL 5985320, at *4 (5th Cir. Dec. 16, 2021) (quoting *Am. Fam. Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (per curiam)).

[23] *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (citation omitted).

[24] *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (per curiam) (quotations and citation omitted).

will *influence the outcome of the pending summary judgment motion.*"[25] The movant "must also have diligently pursued discovery."[26]

The Defendants in this case have complied with Rule 56. They have demonstrated by affidavit that, for specified reasons, namely four discrete categories of fact discovery,[27] they cannot present facts essential to its opposition.[28] The Court agrees with Defendants that these categories of discovery affect not only the merits of the case but also whether Plaintiff has standing to pursue his claims in this Court. Despite Plaintiff's contentions to the contrary, it appears both from the record and from the telephone status conference that the Court held with the parties[29] that Defendants have not been dilatory and have diligently pursued discovery in compliance with Rule 56. The Plaintiff has presented no evidence in his response to the Defendants' Motion that supports his allegations to the contrary.

Additionally, and more importantly, Defendants have subsequently filed a Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(1) and in the Alternative Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. Proc. 12(c).[30] The Fifth Circuit has instructed that courts should consider a "Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits," which prevents a court from

---

[25] *Byrd v. BP Expl. & Prod., Inc.*, No. 22-30654, 2023 WL 4046280, at *2 (5th Cir. June 16, 2023) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (quotations and citation omitted)) (emphasis in original).

[26] *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017) (quotations and citation omitted).

[27] *See supra* at pp. 2-3.

[28] R. Doc. 33-2.

[29] R. Doc. 23.

[30] R. Doc. 57.

acting without jurisdiction.[31] Plaintiff's Motion for Summary Judgment and for Permanent Injunction[32] seeks a judgment on the merits of the case, and it would be improper for the Court to consider and rule on the Motion before considering Defendants' jurisdictional attack made pursuant to Rule 12(b)(1).[33] For that reason, the Court finds it appropriate to defer consideration of the Plaintiff's Motion for Summary Judgment and for Permanent Injunction until deciding Defendants' Motion to Dismiss for Lack of Jurisdiction.

### III.    CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion[34] is **GRANTED**. The Court will **DEFER** ruling on Plaintiff's Motion for Summary Judgment and for Permanent Injunction[35] until the issuance of an Order and Reasons on Defendants' pending Motion to Dismiss for Lack of Jurisdiction and Motion for Judgment on the Pleadings.[36]

**IT IS FURTHER ORDERED** that Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment[37] and Plaintiff's Reply to Defendants'

---

[31] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977) (per curiam)).

[32] R. Doc. 24.

[33] R. Doc. 57. While the Court considered the issue of standing in its Order and Reasons on the Motion for Temporary Restraining Order, the Court did not conclusively rule on it and held only that "Plaintiff has demonstrated that he has standing for the purpose of considering the merits of the instant motion." *See* R. Doc. 10 at p. 13.

[34] R. Doc. 33.

[35] R. Doc. 24.

[36] R. Doc. 57.

[37] R. Doc. 64.

Memorandum in Opposition to Plaintiff's Motion for Summary Judgment[38] are **STRICKEN** from the record.

  **IT IS FURTHER ORDERED** that the submission date Plaintiff's Motion Summary Judgment[39] is **RESET** to January 5, 2027.[40] Deadlines for Defendants' Response in Opposition and Plaintiff's Reply will be governed by the Local Rules.

  New Orleans, Louisiana, July 31, 2026.

**WENDY B. VITTER**
**United States District Judge**

---

[38] R. Doc. 67.
[39] R. Doc. 24.
[40] This date is set pursuant to the Scheduling Order. *See* R. Doc. 19.